USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
EUGENE BROBBEY,

                                   Plaintiff,

-against-

J&A TRUCKING LLC and JEANCARLOS POLANCO,

                                   Defendants.
------------------------------------------------------------- X

23-CV-5204 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS Plaintiff filed this case in New York state court, Bronx County, on February 16, 2023, *see* Compl., Dkt. 1-1;

    WHEREAS Plaintiff did not allege the amount in controversy in his Complaint;

    WHEREAS on June 20, 2023, Defendants filed a notice of removal premised on diversity jurisdiction, *see* Notice of Removal, Dkt. 1;

    WHEREAS according to Defendants, Plaintiff first sent a Bill of Particulars indicating that he seeks $1,000,000 in damages via email on June 16, 2023, *see id.* §§ 13–14; Email Correspondence Dkt. 1-4;

    WHEREAS Plaintiff may have in fact served the Bill of Particulars on Defendants on May 15, 2023, *see* Notice of Removal § 13;

    WHEREAS federal courts have jurisdiction with respect to all civil matters "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States," *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting 28 U.S.C. § 1332(a)); and

WHEREAS a defendant seeking to remove a case to federal court must file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3);

IT IS HEREBY ORDERED that not later than **Friday, June 30, 2023**, Defendants must submit evidence confirming when, if at all, they received the Bill of Particulars that Plaintiff purportedly served on May 15, 2023.  If Defendants filed their notice of removal more than 30 days after the Bill of Particulars was served, Defendants must show cause why this case should not be remanded to state court.[1]  See Moran v. Trans States Airlines, LLC, No. 20-CV-6155 (AKH), 2020 WL 5912391, at *5 (S.D.N.Y. Oct. 6, 2020) (remanding a case to state court because the defendant failed to show good cause for its failure timely to file a notice of removal).

**SO ORDERED.**

Date:  June 21, 2023
       New York, New York

VALERIE CAPRONI
United States District Judge

---

[1]  Defendants assert that, even if the Bill of Particulars was served on May 15, 2023, their notice of removal is timely because Defendants are "entitled to 5 extra days to remove" the case, presumably because service was completed via mail.  Notice of Removal, Dkt. 1, § 15.  The only authority Defendants cite in favor of this assertion is New York procedural law, which does not govern the deadline for notice of removal to federal court.  See Morrison v. Keyser, No. 20-CV-4398 (ER), 2022 WL 379936, at *1 (S.D.N.Y. Jan. 6, 2022) (applying the C.P.L.R.'s five-day extension to the appeal deadline if service was completed by mail in the context of determining whether a habeas petitioner exhausted his remedies in state court).  The Court is therefore not persuaded by this authority.